[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FIRST PROTECTIVE ORDER
For the reasons stated in the Court's December 17, 1996 Memorandum of Decision, the defendants' September 13, 1996 Motion for Protective Order is granted in part and denied in part, as follows:
I. Communications and Contacts
(1) Except as indicated herein, the motion is denied as to all nonmanagerial employees of the Public Defender Services Commission, including but not necessarily limited to all clerical and secretarial employees and all assistant public defenders. Plaintiffs' counsel may communicate with and interview all such nonmanagerial employees without prior notice or consent to defendants and may communicate and interview such persons without the presence of counsel, provided consent is freely given by the interviewee.
However, the following guidelines shall apply to such communications and interviews, prior to any substantive discussions:
(a) When plaintiffs' counsel initially contacts any person pursuant to (1), plaintiffs' counsel shall immediately identify themselves, by name, as counsel for plaintiffs in this case and shall inform the person of their desire to discuss the case;
(b) Plaintiffs' counsel shall inform any such person that the decision as to whether or not to consent to a discussion is completely up to the person and that the person's decision shall be respected;
(c) Plaintiffs' counsel shall inform any such person that any information obtained may be used by plaintiffs in the preparation and trial of this case and can be expected to be made public; CT Page 6893
(d) Plaintiffs' counsel shall inform any such person that a requested interview shall take place only in the presence of counsel, if the person so desires; and
(e) Plaintiffs' counsel shall inform any such person that permission for the contact is being made pursuant to court order.
(2) The motion is granted without objection as to the following persons employed by or working in connection with the Public Defender Services Commission and who, in light of their managerial responsibilities, shall not be contacted or interviewed without prior express written consent from counsel: the chief public defender; the deputy chief public defender, the personnel administrator; the chief of legal services; the chief of capital defense and trial services; the assistant public defender in charge of training; the financial officer; the chief social worker; and the chief investigator. With respect to the 12 Public Defenders in charge of each of the 12 J.D. offices or JD/GA combined offices and the 21 supervisory assistant public defenders in charge of GA, juvenile and habeas corpus offices throughout the state, decision is reserved. A hearing shall be scheduled at which testimony and evidence shall be presented relating to the managerial functions of such persons.
(3) Plaintiffs shall, in good faith, plan any communications with persons to be contacted and/or interviewed so as to interfere minimally with the ability of such persons and the office in which they work to go about their daily business of serving the public.
(4) Because of the particular privacy and confidentiality concerns that relate to juveniles and juvenile court cases, plaintiffs shall not communicate with or interview persons representing juveniles or employed by any of defendants in the juvenile justice system until these concerns are further addressed by the Court.
II. Disclosure of Privileged Information
(5) Insofar as the motion for protective order seeks protection from disclosure of information which may be privileged, it isdenied, as premature, without prejudice to renewal at a later date. CT Page 6894
III. Miscellaneous
(6) Defendants shall take no action, directly or indirectly, to inhibit, limit, or discourage contacts permitted by this order or to suggest that any adverse consequences whatever shall result if persons covered by this order choose to be interviewed by plaintiffs' counsel.
(7) The parties are ordered to confer in an attempt, in good faith, to settle any discovery disputes or disagreements which may arise prior to seeking Court involvement. However, the parties are ordered to inform the Court immediately if they become aware of any concerns that any provision of this order is being violated or deserves further attention.
(8) Plaintiffs shall not initiate communications pursuant to this order until January 10, 1997, to provide defendants the opportunity to make provision for its dissemination and/or effectuation.
Douglas S. Lavine Judge, Superior Court